| | | | |
|---|---|---|---|
| | AUSA: Grant Newman | Telephone: | (989) 895-5712 |
| AO 91 (Rev. 11/11) Criminal Complaint | Agent: Kallin Garza | Telephone: | (906) 632-2631 |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
   v.
Amilcar Vasquez-Blandin

Case No. 1:25-mj-30678
Judge: Morris, Patricia T.
Filed: 11-04-2025

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 1, 2025__ in the county of __Ogemaw__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C § 1326(a) | Reentry of Removed Aliens |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

Border Patrol Agent, Kallin Garza
_Printed name and title_

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __November 4, 2025__

_Judge's signature_

City and state: __Bay City, Michigan__

Hon. Patricia T. Morris, U.S. Magistrate Judge
_Printed name and title_

Save   Print

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR CRIMINAL COMPLAINT AND ARREST WARRANT

I, Kallin Garza, declare the following under penalty of perjury:

### INTRODUCTION, AGENT BACKGROUND, AND PURPOSE OF THE WARRANT

1. The facts of this case, as more fully detailed below, reveal that Amilcar VASQUEZ-Blandin, a native and citizen of Honduras, was previously removed from the United States, and later reentered the United States without permission at an unknown date.

2. Title 8, United States Code, Section 1326(a) criminalizes reentry without permission of aliens who have been previously removed. The elements of the offense are that: (1) the person is an alien; (2) the person was removed from the United States; (3) the person is thereafter found in the United States; and (4) the person did not obtain permission from the Attorney General or Secretary of the Department of Homeland Security to reapply for admission. The offense is punishable by up to two years in prison. 8 U.S.C. § 1326(a).

3. I, Border Patrol Agent (BPA) Kallin Garza, am a United States Border Patrol Agent with the United States Department of Homeland Security, United States Border Patrol. I have been employed in this capacity since June 13, 2022. Currently, I am assigned to the Sault Ste. Marie Border Patrol Station. As part of my duties as a Border Patrol Agent, I am authorized to investigate violations of

1

laws of the United States, including violations pertaining to the reentry of removed aliens, in violation of 8 U.S.C. § 1326(a) Reentry of Removed Aliens. I graduated from the Federal Law Enforcement Training Center's (FLETC) Training Program, where I was trained in immigration law.

4. This continuation contains information necessary to support a finding of probable cause to charge VASQUEZ-Blandin with a violation of 8 U.S.C. § 1326(a), which makes it a crime for any alien that has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter enters, or is at any time found in, the United States.

5. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers to include Border Patrol Agents and records checks of law enforcement databases. I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause.

## FACTS ESTABLISHING PROBABLE CAUSE

6. I have reviewed the official immigration file relating to VASQUEZ-Blandin, which attests to the following:

    a. On March 25, 2018, VASQUEZ-Blandin was arrested by the San Antonio Police Department for Driving While Intoxicated.

Immigration and Customs Enforcement (ICE) was contacted to conduct records checks. DO Reyna determined VASQUEZ-Blandin did not have proper documentation to be in the United States legally. An I-247 Detainer was placed on VASQUEZ-Blandin.

b. On April 12, 2018, VASQUEZ-Blandin was convicted and sentenced to 36 days of confinement and a $350 court fine.

c. On April 13, 2018, VASQUEZ-Blandin was transferred to ICE/SNA/ERO/CAP and upon arrival, admitted he is a citizen of Honduras. VASQUEZ-Blandin advised he entered illegally on or about an unknown date at or near Hidalgo, TX.

d. VASQUEZ-Blandin stated he was not admitted or inspected into the United States by a U.S. Immigration Officer and was not in possession of any lawfully issued documents to enter, remain in, or pass through the United States.

e. On June 22, 2018, VASQUEZ-Blandin was removed from the United States back to his native country of Honduras through the San Antonio International Airport Port of Entry.

f. Review of records from VASQUEZ-Blandin's alien file and queries in U.S. Department of Homeland Security databases confirm that no record exists showing that VASQUEZ-Blandin has ever received

3

permission from the Attorney General of the United States and/or the Secretary of the Department of Homeland Security to lawfully enter the United States following his removal on June 22, 2018.

7. On November 1, 2025, the Sault Sainte Marie Border Patrol Station (SMM) received a call from the West Branch Police Department regarding a subject that was contacted during a traffic stop. Officer Clark advised she initiated a traffic stop on a 2015 Dodge Charger on the I-75 Business Loop near Flowage Lake Rd for no registration. The driver, identified as VASQUEZ-Blandin, Amilcar (DOB XX/XX/1978), provided a Honduran driver's license and passport. Officer Clark advised SMM of the situation and record checks were conducted. Record checks showed VASQUEZ-Blandin had an order of removal from 2018 by an Immigration Judge. Officer Clark arrested and transported VASQUEZ-Blandin to the Ogemaw County Jail for driving with no Operator's License and SMM provided an I-247 Detainer.

8. BPA De Vriese and Supervisory BPA Havens responded to the Ogemaw County Jail and conducted an immigration inspection on VASQUEZ-Blandin. It was determined that VASQUEZ-Blandin did not have legal status to enter or remain in the United States legally.

9. VASQUEZ-Blandin was arrested and transferred to SMM for further processing. VASQUEZ-Blandin was fingerprinted and photographed. These

images were entered into the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). VASQUEZ-Blandin fingerprints from November 1, 2025, matched the fingerprints entered into IAFIS from his prior encounter.  The record checks did not provide any evidence that VASQUEZ-Blandin legally entered the United States or had been issued any legal immigration document to allow him to enter or remain in the United States.

/

/

/

/

/

/

/

/

/

/

/

/

5

## CONCLUSION

10. Based on my training and experience as a Border Patrol Agent and the information contained in this continuation, there is probable cause to believe that Amilcar VASQUEZ-Blandin reentered the United States after removal without the permission of the Attorney General or Secretary of Homeland Security, in violation of U.S.C. § 1326(a), which makes it a crime to reenter the country following removal without permission of the Attorney General.

Respectfully submitted,

Kallin Garza
Border Patrol Agent
United States Border Patrol

Sworn to be before me and signed in presence
and/or by reliable electronic means on  November 4, 2025  .

Hon. Patricia T. Morris
United States Magistrate Judge